## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| THE ITALIAN VILLAGE RESTAURANT, INC., an Illinois Corporation, CAPITANINI REAL ESTATE INVESTMENTS INC., an Illinois Corporation, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 20 CV 3101 |
| ERIE INSURANCE COMPANY, a Pennsylvania Corporation | ) ) ) | |
| Defendant. | ) ) | |

### ERIE INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

NOW COMES Defendant, ERIE INSURANCE COMPANY ("Erie"), by and through its attorneys, HINKHOUSE WILLIAMS WALSH LLP, and for its Answer and Affirmative Defenses to Plaintiffs' Complaint, states as follows:

### OVERVIEW

1.     This is an action for declaratory relief, breach of contract and bad faith denial of insurance coverage pursuant to 215 ILCS 5/155 stemming from Defendant Insurer's failure to honor duties it owes under a commercial insurance policy issued to Capitanini Plaintiffs and other potential class members, which provides coverage for claims submitted for loss of income or extra expenses incurred due to an "interruption of business", including Capitanini Plaintiffs' and other potential class members obligation to close due to a government order.

**ANSWER:**     Erie admits that Plaintiffs purport to bring this action for the reasons stated but denies that Plaintiffs are entitled to the relief requested or any relief whatsoever.  Erie further denies that paragraph 1 accurately sets forth the terms and conditions of the insurance policy issued to Plaintiffs.  To the extent that the terms and conditions of the insurance policy conflict with the allegations contained in paragraph 1, Erie denies same and demands strict proof thereof.

Erie further denies that this matter is suitable for class action status.

2.    Capitanini Plaintiffs are owners and operators of the well-known Chicago landmark, The Italian Village Restaurant, in operation on West Monroe Street in downtown Chicago continuously for nearly a century, the oldest Italian restaurant in Chicago, who have been forced, by recent orders issued by the Chief Executive of the State of Illinois, to cease their operations—through no fault of their own—as part of the State's efforts to slow the spread of the COVID-19 novel coronavirus global pandemic.

**ANSWER:**    Erie has insufficient knowledge of the truth of the allegations contained in

paragraph 2, and, therefore, denies same and demands strict proof thereof.

3.    The State has deemed Capitanini Plaintiffs' and other potential class members' businesses are not an "essential business," as defined by recent orders issued by the Chief Executive of the State of Illinois.

**ANSWER:**    Erie responds that the referenced Executive Orders speak for itself and

that no response is required.  To the extent that a response is required, Erie has insufficient

knowledge of the truth of the allegations contained in paragraph 3, and, therefore, denies same

and demands strict proof thereof.

4.    Capitanini Plaintiffs' business employs approximately140 people.  Therefore, the closure of the Capitanini Plaintiffs' and other potential class members' businesses mandated by the State of Illinois' orders have created a risk of economic harm to small, local businesses that employ Illinois residents.

**ANSWER:**    Erie has insufficient knowledge of the truth of the allegations contained in

paragraph 4, and, therefore, denies same and demands strict proof thereof.

5.    In order to protect the livelihoods of the employees of Capitanini Plaintiffs' business, and to protect its business from situations like this, which threaten its livelihood based on factors wholly outside of its control, Capitanini Plaintiffs and other potential class members obtained business interruption and extra expense insurance coverage from Defendant Insurer.

**ANSWER:**    Erie denies that it issued a policy of insurance to Plaintiffs or other

insureds for the claims alleged in Plaintiffs' Complaint.  Erie has insufficient knowledge of the

truth of the remaining allegations contained in paragraph 5, and, therefore, denies same and

demands strict proof thereof.

6.      However, in complete dereliction of Defendant Insurer's bargained-for obligations and duties, in Capitanini Plaintiffs' and other potential class members greatest time of need, and despite Defendant Insurer's express promises in its policy to cover the Capitanini Plaintiffs' and other potential class members extra expenses when the government forced them to close, Defendant Insurer has issued blanket denials to Capitanini Plaintiffs and other potential class members for any losses related to the State of Illinois' Orders.

      **ANSWER:**    Erie denies that it issued a policy of insurance to Plaintiffs or other insureds for the claims alleged in Plaintiffs' Complaint. Erie further denies the remaining allegations contained in paragraph 6.

7.      Defendant Insurer has issued any [sic] denials without first conducting any meaningful coverage investigation, let alone a "reasonable investigation based on all available information" as required under Illinois law.

      **ANSWER:**    Erie denies that it issued a policy of insurance to Plaintiffs. Erie further denies remaining allegations contained in paragraph 7.

8.      Defendant Insurer's oft-repeated refrain to Capitanini Plaintiffs and likely other potential class members has been that Plaintiffs' losses are not covered, because the Capitanini Plaintiff's and other potential class members extra expenses incurred as a result of not being able to operate their restaurant is not a loss of business income, under Capitanini Plaintiffs' and other potential class members Business Income insurance policy.

      **ANSWER:**    Erie denies that it issued a policy of insurance to Plaintiffs or other insureds for the claims alleged in Plaintiffs' Complaint. Erie admits that Plaintiffs' alleged losses are not covered by the policy of insurance issued to them.

9.      Defendant Insurer repeatedly contends that Capitanini Plaintiffs' damages sustained due to an inability to operate their businesses do not constitute "direct physical loss." *See* "**Group Exhibit A**," March 23, 2020 and March 31, 2020 Denial of Coverage Letters attached hereto.

      **ANSWER:**    Erie denies that it issued a policy of insurance to Plaintiffs or other insureds for the claims alleged in Plaintiffs' Complaint. Erie admits that Plaintiffs' alleged

4852-0862-5339, v. 3

losses do not constitute "direct physical loss."

10.     However, Defendant Insurer's oft cited reasoning for failing to provide coverage for Capitanini Plaintiffs' and other potential class members losses is based on the assertion that the presence of the COVID-19 novel coronavirus at Capitanini Plaintiffs' and other potential class members businesses, or the lawful orders of a civil authority like those issued by the Chief Executive of the State of Illinois which led to the closure of Capitanini Plaintiffs' and other potential class members businesses, do not constitute "direct physical loss." See Ex. A at pp. 1-4.

**ANSWER:**     Erie denies that it issued any policy of insurance to Plaintiffs or other insureds for the claims alleged in Plaintiffs' Complaint. Erie admits that Plaintiffs' alleged losses do not constitute "direct physical loss."

11.     It is a well-known fact within the insurance industry that specific exclusions have been created for pandemic or virus-related losses under similar commercial property policies.

**ANSWER:**     Erie admits that some commercial property insurance policies contain exclusions regarding virus-related losses. Erie denies that commercial property insurance policies without virus-related exclusions provide coverage for losses related to the COVID-19 novel coronavirus. Erie denies the remaining allegations contained in paragraph 11.

12.     Unlike many commercial property policies available in the market, the policy sold by Defendant Insurer to Capitanini Plaintiffs and other potential class members do not include an exclusion for loss caused by a pandemic or virus.

**ANSWER:**     Erie denies that it issued an insurance policy to Plaintiffs or other insureds for the claims alleged in Plaintiffs' Complaint. Erie admits that some commercial property insurance policies contain exclusions regarding virus-related losses. Erie admits that the insurance policy issued to Plaintiffs does not contain a virus-related exclusion. Erie denies that commercial property insurance policies without virus-related exclusions provide coverage for losses related to the COVID-19 novel coronavirus, as alleged in Plaintiffs' Complaint. Erie denies the remaining allegations contained in paragraph 12.

4852-0862-5339, v. 3

13.     The Capitanini Plaintiffs and other potential class members could have therefore reasonably expected that the insurance they purchased from Defendant Insurer included coverage for property damage, extra expenses and business interruption losses caused by a virus like the COVID-19 novel coronavirus.

**ANSWER:**     Erie denies that it issued an insurance policy to Plaintiffs or other insureds

for the claims alleged in Plaintiffs' Complaint.  Erie denies that commercial property insurance

policies without virus-related exclusions provide coverage for losses related to the COVID-19

novel coronavirus, as alleged in Plaintiffs' Complaint.  Erie denies the remaining allegations

contained in paragraph 13.

14.     Had Defendant Insurer wanted to exclude virus or pandemic-related losses under the Capitanini Plaintiffs' and other potential class members policies—as many other insurers have done in other policies—it easily could have.

**ANSWER:**     Erie denies that it issued an insurance policy to Plaintiffs or other insureds

for the claims alleged in Plaintiffs' Complaint.  Erie denies that commercial property insurance

policies without virus-related exclusions provide coverage for losses related to the COVID-19

novel coronavirus, as alleged in the Complaint.  Erie denies the remaining allegations contained

in paragraph 14.

15.     Instead, Defendant Insurer waited until after it collected Plaintiffs' premiums to assert that the presence of a virus is not a "physical loss" and therefore is not a covered cause of loss under its policy.

**ANSWER:**     Erie denies that it issued an insurance policy to Plaintiffs or other insureds

for the claims alleged in Plaintiffs' Complaint.  Erie timely informed Plaintiffs of its coverage

decision after Plaintiffs submitted their claim.  Erie denies the remaining allegations contained in

paragraph 15.

16.     Yet, the fact that the insurance industry has created specific exclusions for pandemic or virus-related losses under similar commercial property policies undermines Defendant Insurer's assertion that the presence of a virus, like the COVID-19 novel coronavirus,

5

does not cause physical loss or damage to property. If a virus could never result in a "physical loss" to property, there would be no need for the creation of such an exclusion in the first place.

**ANSWER:** Paragraph 16 asserts legal argument and legal conclusions and does not allege facts against this defendant. To the extent that the allegations in paragraph 16 are construed as alleging facts, Erie denies that it issued an insurance policy to Plaintiffs or other insureds for the claims alleged in Plaintiffs' Complaint. Erie denies that commercial property insurance policies without virus-related exclusions provide coverage for losses related to the COVID-19 novel coronavirus, as alleged in Plaintiffs' Complaint. Erie denies the remaining allegations contained in paragraph 16.

17. Moreover, Defendant Insurer's denial of coverage ignores the portion of Defendant Insurer's policy that pledges to provide coverage for losses incurred due to government actions "taken in response to dangerous physical conditions." *See* "**Exhibit B**," Capitanini Plaintiffs' Insurance Policy, Declarations and Exclusions, attached hereto.

**ANSWER:** Paragraph 17 asserts legal argument and legal conclusions and does not allege facts against this defendant. To the extent that the allegations in paragraph 17 are construed as alleging facts, Erie denies that it issued an insurance policy to Plaintiffs or other insureds for the claims alleged in Plaintiffs' Complaint. Erie further denies that commercial property insurance policies without virus-related exclusions provide coverage for losses related to the COVID-19 novel coronavirus, as alleged in Plaintiffs' Complaint. Erie also denies that the allegations contained in paragraph 17 accurately set forth all of the terms and conditions of the insurance policy issued to Plaintiffs. To the extent that the terms and conditions of the insurance policy conflict with the allegations contained in paragraph 17, Erie denies same and demands strict proof thereof. Erie denies the remaining allegations contained in paragraph 17.

18. Thus, Defendant Insurer's denial of coverage is unreasonable and inconsistent with the law of Illinois, the facts of this case and the plain language of the policy it issued.

6

**ANSWER:**     Paragraph 18 asserts legal argument and legal conclusions and does not allege facts against this defendant.  To the extent that the allegations in paragraph 18 are construed as alleging facts, Erie denies that it issued an insurance policy to Plaintiffs or other insureds for the claims alleged in Plaintiffs' Complaint.  Erie denies that the allegations contained in paragraph 18 accurately set forth all of the terms and conditions of the insurance policy issued to Plaintiffs.  To the extent that the terms and conditions of the insurance policy conflict with the allegations contained in paragraph 18, Erie denies same and demands strict proof thereof.  Erie denies the remaining allegations contained in paragraph 18.

19.     In breach of insurance obligations it voluntarily undertook in exchange for receipt of Capitanini Plaintiffs' and other potential class members' premium payments, Defendant Insurer has denied Capitanini Plaintiffs' and other potential class members' claims arising from the State ordered interruption of their businesses.

**ANSWER:**     Erie denies that it issued an insurance policy to Plaintiffs or other insureds for the claims alleged in Plaintiffs' Complaint.  Erie further denies that it breached any obligations owed to Plaintiffs or other insureds for the clams alleged in Plaintiffs' Complaint.  Erie admits that Plaintiffs' claim and the claims of other insureds seeking coverage for alleged business interruption losses allegedly related to COVID-19 were denied.  Erie denies the remaining allegations contained in paragraph 19.

20.     Capitanini Plaintiffs and other potential class members now bring this action against Defendant Insurer for its failure to honor its obligations under a commercial business owners insurance policy issued to Capitanini Plaintiffs and other potential class members, providing coverage for losses incurred due to necessary suspension of Capitanini Plaintiffs' and other potential class members' operations, including the closure of their businesses in response to orders issued by the government.

**ANSWER:**     Erie admits that Plaintiffs purport to bring this action for the reasons stated but denies that Plaintiffs are entitled to the relief requested or any relief whatsoever.  Erie further denies that it issued an insurance policy to Plaintiffs or other insureds for the claims alleged in

Plaintiffs' Complaint.  Erie denies the remaining allegations contained in paragraph 20.

21.     As a result of Defendant Insurer's wrongful denial of coverage, Capitanini Plaintiffs and other potential class members have filed this action for a declaratory judgment establishing that they are entitled to receive the benefit of the insurance coverage they bargained for, for indemnification of the business losses they have sustained, for breach of contract, and for bad faith claims handling under 215 ILCS 5/155.

**ANSWER:**     Erie admits that Plaintiffs purport to bring this action for the reasons stated but denies that Plaintiffs are entitled to the relief requested or any relief whatsoever.  Erie further denies that it issued an insurance policy to Plaintiffs or other insureds for the claims alleged in Plaintiffs' Complaint.  Erie denies the remaining allegations contained in paragraph 21.

**PARTIES**

22.     Plaintiff, The Italian Village Restaurant Inc., is an Illinois Corporation whose principal place of business is located in Chicago, Illinois.

**ANSWER:**     Erie has insufficient knowledge of the truth of the allegations contained in paragraph 22 and, therefore, denies same and demands strict proof thereof.

23.     Plaintiff, Capitanini Real Estate Investments Inc., is an Illinois Corporation whose principal place of business is located in Chicago, Illinois.

**ANSWER:**     Erie has insufficient knowledge of the truth of the allegations contained in paragraph 23 and, therefore, denies same and demands strict proof thereof.

24.     Numerous other insureds of Defendant Insurer constituting the potential class members paid premiums to Defendant Insurer in exchange for coverage under their policies.

**ANSWER:**     Erie denies that it issued an insurance policy to Plaintiffs or other insureds for the claims alleged in Plaintiffs' Complaint.  Erie denies that this matter is suitable for class action status.  Erie denies the remaining allegations contained in paragraph 24.

25.     Defendant Erie Insurance Company is a foreign Illinois Corporation and a Pennsylvania Corporation whose principal place of business is located in Erie, Pennsylvania.

4852-0862-5339, v. 3

**ANSWER:**     Erie admits that it is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business in Erie, Pennsylvania. Erie denies that remaining allegations contained in paragraph 25.

## JURISDICTION AND VENUE

26.     This Court has jurisdiction over the parties pursuant to 735 ILCS 5/2-209(b)(4) and 735 ILCS 5/2-209(a)(1).

**ANSWER:**     Erie admits the allegations contained in paragraph 26.

27.     Venue is proper in this county pursuant to 735 ILCS 5/2-101 because the Defendant does business in Cook County and because the causes of action alleged herein arose from acts committed in this county.

**ANSWER:**     Erie denies that paragraph 27 is applicable since this matter has been removed to the United States District Court for the Northern District of Illinois.  Erie admits that it does business in Cook County, Illinois.  Erie denies that it engaged in any actions that gave rise to the causes of action alleged in Plaintiffs' Complaint.

## FACTS

28.     Capitanini Plaintiffs incorporate and re-allege allegations 1-27 as if fully stated herein.

**ANSWER:**     Erie restates and realleges its answers to paragraphs 1-27 as and for its answer to paragraph 28, as if fully set forth herein.

### A.     Defendant Insurer's Policy

29.     Defendant Insurer sold Capitanini Plaintiffs and other potential class members a commercial property insurance policy in exchange for Capitanini Plaintiffs and other potential class members providing substantial premium payments.

**ANSWER:**     Erie denies the allegations contained in paragraph 29.

30.     Under the policy, Defendant Insurer promised to indemnify the Capitanini Plaintiffs and other potential class members for losses resulting from covered occurrences,

9

including the necessary suspension of business operations at any insured location caused by a government order, during the relevant time period (hereinafter referred to as the "Policy"). (See Exhibit B.)

**ANSWER:**    Erie denies that it issued an insurance policy to Plaintiffs or other insureds

for the claims alleged in Plaintiffs' Complaint. Erie further denies that paragraph 30 accurately

sets forth the terms and conditions of the insurance policy issued to Plaintiffs. To the extent that

the terms and conditions of the insurance policy conflict with the allegations contained in

paragraph 30, Erie denies same and demands strict proof thereof. Erie denies the remaining

allegations contained in paragraph 30.

31.    The Policy was issued to Capitanini Plaintiffs and other potential class members at their principal place of business in Illinois. The Policy provides broad coverage for losses caused by any cause unless expressly excluded. The Defendant's Policy does not exclude losses from viruses or pandemics.

**ANSWER:**    Erie denies that it issued an insurance policy to Plaintiffs or other insureds

for the claims alleged in Plaintiffs' Complaint. Erie further denies that paragraph 31 accurately

sets forth the terms and conditions of the insurance policy issued to Plaintiffs. To the extent that

the terms and conditions of the insurance policy conflict with the allegations contained in

paragraph 31, Erie denies same and demands strict proof thereof. Erie denies the remaining

allegations contained in paragraph 31.

32.    In addition to property damage losses, Defendant Insurer also agreed to pay for the actual loss of Business Income sustained by Capitanini Plaintiffs and other potential class members due to the necessary suspension of Capitanini Plaintiffs' and other potential class members' operations during the period of business interruption "caused by action of civil authority," or the "direct physical loss of or damage to covered property" at the insured's premises.

**ANSWER:**    Erie denies that it issued an insurance policy to Plaintiffs or other insureds

for the claims alleged in Plaintiffs' Complaint. Erie further denies that paragraph 32 accurately

sets forth the terms and conditions of the insurance policy issued to Plaintiffs. To the extent that

4852-0862-5339, v. 3

the terms and conditions of the insurance policy conflict with the allegations contained in

paragraph 32, Erie denies same and demands strict proof thereof.  Erie denies the remaining

allegations contained in paragraph 32.

33.     Section G of the Policy defines "Business Income" as "the sum of the net profit or
loss before income taxes and necessary continuing operating expenses incurred by the business
such as payroll expenses (including tips), taxes, interests and rents," which is the income that
would have been earned or incurred if no physical loss or damage had occurred" plus
"continuing necessary operating expenses incurred." See Ex. B at numbered pp. 20.

**ANSWER:**     Erie denies that it issued an insurance policy to Plaintiffs or other insureds

for the claims alleged in Plaintiffs' Complaint.  Erie further denies that paragraph 33 accurately

sets forth the terms and conditions of the insurance policy issued to Plaintiffs.  To the extent that

the terms and conditions of the insurance policy conflict with the allegations contained in

paragraph 33, Erie denies same and demands strict proof thereof.  Erie denies the remaining

allegations contained in paragraph 33.

34.     Defendant Insurer also promised to "pay necessary Extra Expense" Capitanini
Plaintiffs and other potential class members incurred during the period of interruption that they
"would not have incurred if there had been no direct physical loss."  See Ex. B at numbered pp.
60.

**ANSWER:**     Erie denies that it issued an insurance policy to Plaintiffs or other insureds

for the claims alleged in Plaintiffs' Complaint.  Erie further denies that paragraph 34 accurately

sets forth the terms and conditions of the insurance policy issued to Plaintiffs.  To the extent that

the terms and conditions of the insurance policy conflict with the allegations contained in

paragraph 34, Erie denies same and demands strict proof thereof.  Erie denies the remaining

allegations contained in paragraph 34.

35.     "Extra Expense" is defined in relevant part under the Policy as any expense
incurred (1) "due to partial or total 'interruption of business' resulting directly from 'loss' or
damage to property"; (2) "[t]o minimize the suspension of business if [Plaintiffs] cannot continue

operations"; or (3) "action of civil authority that prevents access to the premises[.]"  See Ex. B at numbered pp. 27-28.

**ANSWER:**    Erie denies that it issued an insurance policy to Plaintiffs or other insureds for the claims alleged in Plaintiffs' Complaint.  Erie further denies that paragraph 35 accurately sets forth the terms and conditions of the insurance policy issued to Plaintiffs.  To the extent that the terms and conditions of the insurance policy conflict with the allegations contained in paragraph 35, Erie denies same and demands strict proof thereof.  Erie denies the remaining allegations contained in paragraph 35.

36.    The Defendant Insurer's Policy also include "Civil Authority" coverage, pursuant to which Society Insurance promised to pay for the loss of Business Income and necessary Extra Expense sustained by Plaintiffs "caused by action of civil authority that prohibits access" to Plaintiffs' insured premises. *Id.*

**ANSWER:**    Erie denies that it issued an insurance policy to Plaintiffs or other insureds for the claims alleged in Plaintiffs' Complaint.  Erie further denies that paragraph 36 accurately sets forth the terms and conditions of the insurance policy issued to Plaintiffs.  To the extent that the terms and conditions of the insurance policy conflict with the allegations contained in paragraph 36, Erie denies same and demands strict proof thereof.  Erie denies the remaining allegations contained in paragraph 36.

37.    This Civil Authority coverage is triggered when any non-excluded cause results in "damage to property other than property" at the Capitanini Plaintiffs' and other potential class members' premises, and is intended to cover losses resulting from governmental actions "taken in response to dangerous physical conditions."

**ANSWER:**    Erie denies that it issued an insurance policy to Plaintiffs or other insureds for the claims alleged in Plaintiffs' Complaint.  Erie further denies that paragraph 37 accurately sets forth the terms and conditions of the insurance policy issued to Plaintiffs.  To the extent that the terms and conditions of the insurance policy conflict with the allegations contained in

4852-0862-5339, v. 3

paragraph 37, Erie denies same and demands strict proof thereof.  Erie denies the remaining

allegations contained in paragraph 37.

**B.      The Threat Posed by the COVID-19 Novel Coronavirus**

38.      In Mid-March, 2020, as health organizations around the world declared that the
emerging threat from the COVID-19 novel coronavirus had risen to the level of a global
pandemic, Illinois Governor J. B. Pritzker issued a disaster proclamation, Illinois' equivalent of a
state of emergency, to respond to the crisis.

**ANSWER:**      Erie responds that the referenced Executive Order speaks for itself and

that no response is required.  To the extent that a response is required, Erie has insufficient

knowledge of the truth of the allegations contained in paragraph 38, and, therefore, denies same

and demands strict proof thereof.

39.      On March 15, Governor Pritzker announced that all bars and restaurants would be
closed until March 30 to "[enforce] and [preserve] the safety and health of all residents of
Illinois."

**ANSWER:**      Erie responds that the referenced Executive Order speaks for itself and

that no response is required.  To the extent that a response is required, Erie has insufficient

knowledge of the truth of the allegations contained in paragraph 39, and, therefore, denies same

and demands strict proof thereof.

40.      On March 16, Governor Pritzker announced that all gatherings of 50 or more
people would be canceled in accordance with new CDC guidelines.

**ANSWER:**      Erie responds that the referenced Executive Order speaks for itself and

that no response is required.  To the extent that a response is required, Erie has insufficient

knowledge of the truth of the allegations contained in paragraph 40, and, therefore, denies same

and demands strict proof thereof.

41.      This Executive Order from Governor Pritzker specifically states, "the Illinois
Department of Public Health recommends Illinois residents avoid group dining in public

settings."

**ANSWER:**    Erie responds that the referenced Executive Order speaks for itself and that no response is required.  To the extent that a response is required, Erie has insufficient knowledge of the truth of the allegations contained in paragraph 41, and, therefore, denies same and demands strict proof thereof.

42.    On March 20, Governor Pritzker announced a statewide stay-at-home order starting on March 21 until April 7, 2020.  All non-essential businesses would be required to close whereas essential businesses such as grocery stores, gas stations, hospitals, pharmacies were to remain open.

**ANSWER:**    Erie responds that the referenced Executive Order speaks for itself and that no response is required.  To the extent that a response is required, Erie has insufficient knowledge of the truth of the allegations contained in paragraph 42, and, therefore, denies same and demands strict proof thereof.

43.    On March 31, Governor Pritzker extended the statewide stay-at-home order until April 30.

**ANSWER:**    Erie responds that the referenced Executive Order speaks for itself and that no response is required.  To the extent that a response is required, Erie has insufficient knowledge of the truth of the allegations contained in paragraph 43, and, therefore, denies same and demands strict proof thereof.

44.    Emerging research on the virus and recent reports from the CDC indicate that the COVID-19 novel coronavirus strains physically infect and can stay alive on surfaces for at least 17 days, a characteristic that renders property exposed to the contagion potentially unsafe and dangerous.

**ANSWER:**    Erie has insufficient knowledge of the truth of the allegations contained in paragraph 44, and, therefore, denies same and demands strict proof thereof.

45.    Other research indicates that the virus may linger on surfaces for up to four weeks

in low temperatures.

**ANSWER:**    Erie has insufficient knowledge of the truth of the allegations contained in

paragraph 45, and, therefore, denies same and demands strict proof thereof.

46.    The continuous presence of the coronavirus on or around Capitanini Plaintiffs'
and other potential class members' premises has rendered the premises unsafe and unfit for their
intended use and therefore caused physical property damage or loss under the Policy.

**ANSWER:**    Erie denies the allegations contained in paragraph 46.

47.    Governor Pritzker's various Executive Orders were issued in direct response to
the dangerous physical conditions posed by the COVID-19 novel coronavirus, and prohibited the
public from accessing Capitanini Plaintiffs' and other potential class members' restaurants,
thereby causing the necessary suspension of their operations and triggering the Civil Authority
coverage under the Policy.

**ANSWER:**    Erie responds that the referenced Executive Orders speak for themselves

and that no response is required.  Erie denies the remaining allegations contained in paragraph

47.

48.    Governor Pritzker's March 20, 2020 Closure Order closing all "non-essential"
businesses in Illinois, including all restaurants and movie theaters, likewise was made in direct
response to the continued and increasing presence of the coronavirus on property or around
Capitanini Plaintiffs' premises.

**ANSWER:**    Erie responds that the referenced Executive Order speaks for itself and

that no response is required.  To the extent that a response is required, Erie has insufficient

knowledge of the truth of the allegations contained in paragraph 48, and, therefore, denies same

and demands strict proof thereof.

49.    As a result of the aforementioned Orders, the Capitanini Plaintiffs and other
potential class members have suffered substantial Business Income losses and incurred Extra
Expense as defined under the Policy.  The covered losses incurred by Capitanini Plaintiffs and
other potential class members and owed under the Policy is increasing every day.

**ANSWER:**    Erie responds that the referenced Executive Orders speak for themselves

4852-0862-5339, v. 3

and that no response is required.  To the extent that a response is required, Erie denies the

allegations contained in paragraph 49.

50.     On March 16 and 17 2020, the Capitanini Plaintiffs submitted claims to Defendant Insurer seeking coverage for their business interruption and extra expense losses promised under the Policy.

**ANSWER:**     Erie denies that it issued an insurance policy to Plaintiffs.  Erie admits that

Plaintiffs submitted a claim for business interruption and extra expense losses under the policy

issued to them.

51.     Defendant Insurer denied the March 16 claim less than one week later, on March 23, 2020, without conducting a reasonable investigation.  Defendant Insurer denied the March 17 claim on March 31, 2020, without conducting a reasonable investigation.  Defendant Insurer denied all the claims of Capitanini Plaintiffs along with the various claims submitted by other potential class members.

**ANSWER:**     Erie denies that it issued an insurance policy to Plaintiffs.  Erie admits that

the Plaintiffs' claim was denied.  Erie admits that other claims for business interruption and extra

expense coverage have been denied.  Erie denies the remaining allegations contained in

paragraph 51.

## COUNT I
## DECLARATORY JUDGMENT

52.     Capitanini Plaintiffs and other potential class members incorporate and re-allege allegation 1-51 as if fully stated herein.

**ANSWER:**     Erie restates and realleges its answers to paragraphs 1-51 as and for its

answer to paragraph 52 of Count I, as if fully set forth herein.

53.     The Policy is an insurance contract under which Capitanini Plaintiffs and other potential class members paid Defendant Insurer premiums in exchange for Defendant Insurer's promise to pay Capitanini Plaintiffs' and other potential class members' losses for claims covered by the Policy, including business losses and extra expenses incurred as a result of the government orders forcing them to close their businesses.

**ANSWER:**    Erie admits that the insurance policy is a contract.  Erie denies that it issued an insurance policy to Plaintiffs or other insureds for the claims alleged in Plaintiffs' Complaint.  Erie further denies that paragraph 53 accurately sets forth the terms of the insurance policy issued to Plaintiffs.  To the extent that the terms and conditions of the insurance policy conflict with the allegations contained in paragraph 53, Erie denies same and demands strict proof thereof.

54.    Capitanini Plaintiffs and other potential class members have complied with all applicable provisions of the Policy, including paying premiums to Defendant Insurer in exchange for coverage under the Policy.

**ANSWER:**    Erie denies that it issued an insurance policy to Plaintiffs or others for the claims alleged in Plaintiffs' Complaint.  Erie admits that Plaintiffs and other insureds paid some premiums under the insurance policies issued to them.  Erie denies the remaining allegations contained in paragraph 54.

55.    Defendant Insurer unjustifiably refused to reimburse Capitanini Plaintiffs and other potential class members for any losses incurred by Capitanini Plaintiffs and other potential class members in conjunction with the covered business losses related to the State of Illinois' Closure Orders and the necessary interruption of Capitanini Plaintiffs' and other potential class members' businesses stemming from the COVID-19 novel coronavirus pandemic.

**ANSWER:**    Erie denies the allegations contained in paragraph 55.

56.    An actual case or controversy exists as to Capitanini Plaintiffs' and other potential class members' rights and Defendant Insurer's obligations under the Policy, as to whether Defendant Insurer is obligated to reimburse Capitanini Plaintiffs and other potential class members for the full amount of losses incurred by Capitanini Plaintiffs and other potential class members in connection with the Closure Orders and the necessary interruption of its business.

**ANSWER:**    Erie denies that it issued an insurance policy to Plaintiffs or other insureds for the claims alleged in Plaintiffs' Complaint.  Erie denies the remaining allegations contained in paragraph 56.

4852-0862-5339, v. 3

57.     Pursuant to 735 ILCS 5/1-101 and 735 ILCS 5/2-701, Capitanini Plaintiffs and other potential class members seek a declaratory judgment from this Court declaring the following:

        a.     Capitanini Plaintiffs' and other potential class members' losses incurred in connection with the State of Illinois' Closure Orders and the necessary interruption of their businesses stemming from the COVID-19 novel coronavirus pandemic are insured losses under the Policy;

        b.     Defendant Insurer has waived any right they may have had to assert defenses to coverage or otherwise seek to bar or limit coverage for Capitanini Plaintiffs' and other potential class members' losses by issuing blanket coverage denials without conducting a claim investigation as required under Illinois law; and

        c.     Defendant Insurer is obligated to pay Capitanini Plaintiffs and other potential class members the full amount of the losses incurred and to be incurred in connection with the covered business losses related to the State of Illinois' Closure Orders during the necessary interruption of their business stemming from the COVID-19 novel coronavirus pandemic.

**ANSWER:**     Erie denies that it issued an insurance policy to Plaintiffs or other insureds

for the claims alleged in Plaintiffs' Complaint.  Erie admits that Plaintiffs seek the relief

requested but denies that Plaintiffs are entitled to the relief requested or any relief whatsoever.

## COUNT II
## BREACH OF CONTRACT

58.     Capitanini Plaintiffs and other potential class members incorporate and re-allege allegation 1-57 as if fully stated herein.

**ANSWER:**     Erie realleges and restates its answers to paragraph 1-57 as and for its

answer to paragraph 58 of Count II, as if fully set forth herein.

59.     Capitanini Plaintiffs' and other potential class members' Insurance Policies with Defendant Insurer are each, individually, an insurance contract under which Defendant was paid premiums in exchange for its promise to pay Plaintiffs' losses for claims covered by the Policy, such as business losses incurred as a result of the government orders forcing them to close their businesses.

**ANSWER:**     Erie denies that it issued an insurance policy to Plaintiffs or others for the

claims alleged in Plaintiffs' Complaint.  Erie further denies that paragraph 59 accurately sets

18

forth the terms and conditions of the insurance policy issued to Plaintiffs. To the extent that the

terms and conditions of the insurance policy conflict with the allegations contained in paragraph

59, Erie denies same and demands strict proof thereof.

60. Plaintiffs have complied with all applicable provisions of the Policy, including payment of the premiums in exchange for coverage under the Policy, and yet Defendant Insurer has abrogated its insurance coverage obligations pursuant to the Policy's clear and unambiguous terms.

**ANSWER:** Erie denies that it issued an insurance policy to Plaintiffs or other insureds

for the claims alleged in Plaintiffs' Complaint. Erie admits that Plaintiffs have paid some

premiums for the insurance policy issued to them. Erie denies the remaining allegations

contained in paragraph 60.

61. By denying coverage for any submitted claims or business losses incurred by Plaintiffs in connection with the State of Illinois' Closure Orders and the COVID-19 novel coronavirus pandemic, Defendant Insurer has breached its coverage obligations under the Policy.

**ANSWER:** Erie denies that it issued an insurance policy to Plaintiffs or other insureds

for the claims alleged in Plaintiffs' Complaint. Erie denies the remaining allegations contained

in paragraph 61.

62. As a result of Defendant's breaches of the Policy, Plaintiffs have sustained substantial damages for which Defendant Insurer is liable, in an amount to be established at trial.

**ANSWER:** Erie denies that it issued an insurance policy to Plaintiffs or other insureds

for the claims alleged in Plaintiffs' Complaint. Erie denies the remaining allegations contained

in paragraph 62.

**COUNT III**
**STATUTORY PENALTY FOR BAD FAITH**
**DENIAL OF INSURANCE UNDER 215 ILCS 5/155**

63. Capitanini Plaintiffs and other potential class members incorporate and re-allege allegation 1-62 as if fully stated herein.

19

**ANSWER:**    Erie repeats and realleges its answers to paragraphs 1-62 as and for

paragraph 63 of Count III, as if fully set forth herein.

64.    Upon receipt of the Closure Order Claims, Defendant immediately denied the claims without conducting any investigation, let alone a "reasonable investigation based on all available information" as required under Illinois law. See 215 ILCS 5/154 et. seq.

**ANSWER:**    Erie denies the allegations contained in paragraph 64.

65.    Defendant's denials were vexatious and unreasonable.

**ANSWER:**    Erie denies the allegations contained in paragraph 65.

66.    Defendant's denials constitute "improper claims practices" under Illinois law—namely Defendant Insurer's: (1) refusals to pay Plaintiffs' claims without conducting reasonable investigations based on all available information and (2) failure to provide reasonable and accurate explanations of the bases in its denials. See 215 ILCS 5/154.6 (h), (n).

**ANSWER:**    Erie denies that it issued an insurance policy to Plaintiffs or other insureds

for the claims alleged in Plaintiffs' Complaint.  Erie denies the remaining allegations contained

in paragraph 66.

67.    Therefore, pursuant to 215 ILCS 5/155, Plaintiffs request that, in addition to entering a judgment in favor of Plaintiffs and against Defendant for the amount owed under the Policies at the time of judgment, the Court enter a judgment in favor of Plaintiffs and against Defendant for an amount equal to the greater of (1) 60% of the amount which the trier of fact finds that Plaintiffs are entitled to recover under the Policies, exclusive of costs; and (2) $60,000 per Plaintiff. See 215 ILCS 5/155.

**ANSWER:**    Paragraph 67 asserts legal argument and legal conclusions and does not

allege facts against this defendant.  To the extent that the allegations in paragraph 67 are

construed as alleging facts against Erie, denied.

68.    Plaintiffs further request that the Court enter a judgment in favor of Plaintiffs and against Defendant in an amount equal to the attorney fees and costs incurred by Plaintiffs for the prosecution of this coverage action against Defendant, which amount will be proved at or after trial, pursuant to 215 ILCS 5/155.

**ANSWER:** Paragraph 68 asserts legal argument and legal conclusions and does not allege facts against this defendant. To the extent that the allegations in paragraph 68 are construed as alleging facts against Erie, denied.

## CLASS ALLEGATIONS

69. Capitanini Plaintiffs and other potential class members incorporate and re-allege allegation 1-70 [sic] as if fully stated herein.

**ANSWER:** Erie restates and realleges its answers to paragraphs 1-68 as and for its answer to paragraph 69, as if fully set forth herein.

70. Plaintiffs bring this claim on behalf of a class consisting of all persons who made claims in conjunction with the COVID-19 novel coronavirus pandemic to Defendant Insurer, Erie Insurance Company, and had their claims denied.

**ANSWER:** Erie admits that Plaintiffs purport to bring this action for the reasons stated but denies that Plaintiffs are entitled to the relief requested or any relief whatsoever. Erie further denies that it issued an insurance policy to Plaintiffs or other insureds for the claims alleged in Plaintiffs' Complaint. Erie denies the remaining allegations contained in paragraph 70.

71. Specifically, Plaintiffs bring this claim on behalf of a class of other restaurants or restauranteurs who paid premiums to Defendant Insurer in exchange for business interruption, civil authority or extra expense coverage, submitted claims under such policies, and had their claims denied without proper investigation.

**ANSWER:** Erie admits that Plaintiffs purport to bring this action for the reasons stated but denies that Plaintiffs are entitled to the relief requested or any relief whatsoever. Erie further denies that it issued an insurance policy to Plaintiffs or other insureds for the claims alleged in Plaintiffs' Complaint. Erie denies the remaining allegations contained in paragraph 71.

72. The members of the class are so numerous that separate joinder of all of the members is impracticable.

**ANSWER:** Erie denies the allegations contained in paragraph 72.

21

73. All claims and defenses of the representative parties involve questions of fact or law common to the class, and these common questions predominate over any questions affecting only individual members.

**ANSWER:** Erie denies the allegations contained in paragraph 73.


74. The predominant common questions include:

    a.    Whether the Defendant Insurer's extra expense insurance covers losses sustained by partial or total interruption of business due to the COVID-19 novel coronavirus;

    b.    Whether the Defendant Insurer's business interruption or income protection insurance covers losses sustained by partial or total interruption of business due to the COVID-19 novel coronavirus;

    c.    Whether the Defendant Insurer's civil authority insurance covers losses sustained by adherence to public orders issued by governmental authority to curb the spread of the COVID-19 novel coronavirus, extra expense coverage;

    d.    Whether the claims submitted by Plaintiffs to Defendant Insurer would be covered, and if the losses sustained by partial or total interruption of business due to the COVID-19 novel coronavirus result from loss or damage to property as defined under the Policy;

    e.    Whether Defendant Insurer issued any denials without first conducting any meaningful coverage investigation, let alone a "reasonable investigation based on all available information" as required under the law.

**ANSWER:** Erie denies the allegations contained in paragraph 74.


75. Plaintiffs, as the representative parties, will fairly and adequately protect the interests of the class.

**ANSWER:** Erie denies the allegations contained in paragraph 75.


76. A class action is an appropriate method for the fair and efficient adjudication of this controversy, as the claims contained in this Complaint involve numerous investors making the same or similar investments.

**ANSWER:** Erie denies the allegations contained in paragraph 76.

4852-0862-5339, v. 3

## ERIE INSURANCE COMPANY'S AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs' Complaint claim fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiffs have failed to comply with the terms and conditions of the Erie Ultrapack Plus Policy Number Q97-1035823.

### Third Affirmative Defense

Erie did not issue the Erie Ultrapack Plus Policy Number Q97-1035823 to Plaintiffs.

### Fourth Affirmative Defense

The facts alleged in Plaintiffs' Complaint do not allege a covered "Loss" as that term is defined in the Erie Ultrapack Plus Policy Number Q97-1035823.

### Fifth Affirmative Defense

The facts alleged in Plaintiffs' Complaint do not allege any "direct physical loss" as required to trigger business interruption coverage under Erie Ultrapack Plus Policy Number Q97-1035823.

### Sixth Affirmative Defense

The facts alleged in Plaintiffs' Complaint do not allege that a peril insured against caused damage to property that is covered by Erie Ultrapack Plus Policy Number Q97-1035823.

### Seventh Affirmative Defense

The facts alleged in Plaintiffs' Complaint do not allege that access to the area immediately surrounding the damaged property was prohibited by civil authority as a result of any property damage.

### Eighth Affirmative Defense

The insured property is not less than one mile from any damaged property. [1]

23

**Ninth Affirmative Defense**

No civil authority action was taken in response to the dangerous physical conditions resulting from the damage.

**Tenth Affirmative Defense**

The proposed class action fails to meet the numerosity requirement of Fed.R.Civ.P. 23(a)(1).

**Eleventh Affirmative Defense**

The proposed class action fails to meet the commonality requirement of Fed.R.Civ.P. 23(a)(2).

**Twelfth Affirmative Defense**

The proposed class action fails to meet the typicality requirement of Fed.R.Civ.P. 23(a)(3).

**Thirteenth Affirmative Defense**

The named plaintiffs will not adequately and fairly protect the interests of the proposed class, as required by Fed.R.Civ.P. 23(a)(4).

**Fourteenth Affirmative Defense**

The proposed class lacks common questions of law or fact, as required by Fed.R.Civ.P. 23(b)(3).

**Fifteenth Affirmative Defense**

The facts alleged in Plaintiffs' Complaint do not allege an "interruption of business" as that term is defined in the Erie Ultrapack Plus Policy Number Q97-1035823.

**Sixteenth Affirmative Defense**

The facts alleged in Plaintiffs' Complaint do not allege any "extra expense" as that term

is defined in the Erie Ultrapack Plus Policy Number Q97-1035823.

## Seventeenth Affirmative Defense

The facts alleged in Plaintiffs' Complaint do not allege any loss of "income" as that term is defined in the Erie Ultrapack Plus Policy Number Q97-1035823.

WHEREFORE, Defendant, Erie Insurance Company, requests this Court to enter judgment in its favor and against Plaintiffs, The Italian Village Restaurant, Inc. and Capitanini Real Estate Investments, Inc., together with attorney's fees and costs of suit, and to grant such other and further relief as the Court deems appropriate and just.

Dated: July 6, 2020                                      HINHOUSE WILLIAMS WALSH LLP

By: /s/ Bruce M. Lichtcsien

Bruce M. Lichtcsien
Jonathan R. Puskar
HINKHOUSE WILLIAMS WALSH, LLP
180 N. Stetson, Suite 3400
Chicago, IL 60601
(312) 784-5400
blichtcsien@hww-law.com
jpuskar@hww-law.com

-and-

Adam J. Kaiser (*pro hac vice* pending)
ALSTON & BIRD, LLP
90 Park Ave., 15th Floor
New York, New York 10016-1387
(212) 210-9000
adam.kaiser@alston.com

*Attorneys for Defendant Erie Insurance Company*

4852-0862-5339, v. 3

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certify that on July 6, 2020 I caused the foregoing Answer and Affirmative Defenses to be electronically filed with the Clerk of the Court using the CM/ELF system, which will send notification of filing to Plaintiff's counsel.

/s/ Bruce M. Lichtcsien
Bruce M. Lichtcsien, Attorney
for Erie Insurance Company

4852-0862-5339, v. 3